# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:04CV494-C

| | |
|---|---|
| JAMES R. HICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | **AND ORDER** |
| CITY OF CHARLOTTE, ) | |
| C-DOT MAINTENANCE, and ) | |
| ERIC POE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the "Defendants' Motion to Dismiss ... [including memorandum]" (document #6) filed October 25, 2004; and the pro se Plaintiff's "Response ... " (document #11) filed December 31, 2004.

On June 29, 2005, this motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and it is ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Defendants' "Motion to Dismiss" be granted, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This is an action for alleged age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621. Taking the allegations of the Complaint as true, from sometime in February 2004 through sometime in April 2004, the pro se Plaintiff James R. Hicks was employed by Personnel Unlimited, a temporary employment service, and assigned to

work in "C-DOT Maintenance," the Defendant City of Charlotte's street maintenance department. Defendant Eric Poe, a City employee, was the Plaintiff's "crew chief" during that assignment.

The Complaint does not state, however, what, if any, wrongful acts were committed by the Defendants, nor does it disclose the Plaintiff's age. Rather, the Plaintiff alleges generally that he was the victim of "age discrimination" in that after his assignment with the Defendant City ended, Personnel Unlimited terminated him rather than "sen[ding him] out on another job assignment." Complaint at 4 (document #1).

On September 27, 2004, and apparently after timely exhausting his administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), the Plaintiff filed his Complaint, which in light of the latitude that is extended to pro se plaintiffs, the Court has treated as stating an ADEA wrongful termination claim.

On October 25, 2004, the Defendants filed their Motion to Dismiss on the grounds that they were not the Plaintiff's employer.

In his two-page Response, the Plaintiff addresses neither the merits of his purported claim nor the basis of the Defendants' motion, but "ask[s] for [his] day in court to prove [his] case." Document #11 at 2.

The Defendants' Motion to Dismiss has been briefed as set forth above and is, therefore, ripe for disposition.

## II. DISCUSSION OF CLAIMS

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

2

applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), cert. denied, 510 U.S. 828 (1993), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996)(en banc), citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969). Accord Republican Party of NC, 980 F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief")(internal citation omitted).

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the nonmoving party, assuming factual allegations to be true. See, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). This is particularly true of a motion to dismiss a complaint filed by a pro se plaintiff. Accord Haines v. Kerner, 404 U.S. 519, 520 (1972) (instructs court to "[c]onstru[e] [a pro se] petitioner's inartful pleading liberally"); and Thompson v. Echols, 191 F.3d 448 (4th Cir. 1999) ("[h]owever inartfully pleaded by a pro se plaintiff, allegations are sufficient to call for an opportunity to offer supporting evidence unless it is beyond doubt that the plaintiff can prove no set of facts entitling him to relief").

In this case, however, even taking the limited allegations of the pro se Complaint as entirely true and construing every possible inference therefrom in the Plaintiff's favor, his ADEA claim against these Defendants, none of whom was his employer, must be dismissed. Indeed, it is well settled that an ADEA claim may be maintained only against an aggrieved employee's employer. Accord 29 U.S.C. § 623(a)(1) (2005) (under ADEA, it is "unlawful for an employer to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age"); E.E.O.C. v. Seafarers Intern. Union, 394 F.3d 197, 202 (4th Cir. 2005) (ADEA claim must be brought against "employer"); and Henson v. Liggett Group, Inc., 61 F.3d 270, 273 (4th Cir. 1995) (same).

In short, where the Complaint expressly states that the Plaintiff was not an employee of any of these Defendants, his ADEA claim must fail. Accordingly, the undersigned will respectfully recommend that the Defendants' Motion to Dismiss be granted.

### III. ORDER

**IT IS HEREBY ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the Honorable Robert J. Conrad Jr.'s ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendants' "Motion to Dismiss" (document #6) be **GRANTED**; and that the Complaint be

4

**DISMISSED WITH PREJUDICE**.

## V. **NOTICE OF APPEAL RIGHTS**

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same.  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990).  Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005);  Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997);  Snyder, 889 F.2d at 1365.  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Plaintiff; to counsel for the Defendants; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

**Signed: November 1, 2005**

_Carl Horn, III_
Carl Horn, III
United States Magistrate Judge